THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL GRADY,<br>Plaintiff<br><br>v.<br><br>AMY CRUSH;[1] and<br>JOSEPH BECERCI,[2]<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 5:16-cv-02983 |

**O P I N I O N**
**Defendants' Motion for Summary Judgment, ECF No. 54 – Granted**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**March 1, 2019**

## I. INTRODUCTION

Plaintiff Paul Grady alleges that after he was granted bail on a new criminal charge, he was unlawfully detained in the Lehigh County Jail for more than two weeks while Defendants Amy Clewell and Joseph Besterci, parole agents with the Pennsylvania Board of Probation and Parole ("PBPP"), obtained a probation violation warrant against him. Currently pending is a Motion for Summary Judgment filed by Clewell and Besterci. For the reasons set forth below, the Motion is granted.

## II. UNDISPUTED FACTS[3]

In 2013, Grady was sentenced in the state of Missouri to a probation period of one year, eleven months, and twenty-seven days for possession of a controlled substance. *See* Besterci

1 Amy Crush is now known by her married name Amy Clewell.
2 The correct spelling of this Defendant's last name is Besterci.
3 Although Grady disagrees with some of the facts, his disagreement does not present a "genuine dispute" for the reasons discussed in the Analysis section below.

Dec. ¶¶ 15-16, ECF No. 54-3; Dec. Ex. A.[4] Pursuant to Grady's request, his probation supervision was transferred to Pennsylvania. *See id.* On his application requesting the transfer, Grady acknowledged: "I understand that if I do not comply with all the terms and conditions that the sending state [Missouri] or the receiving state [Pennsylvania], or both, placed on me, that it will be considered a violation and I may be returned to the sending state." *See* Dec. Ex. A at 7, ¶ 3. Besterci was assigned to oversee Grady's supervision in Pennsylvania. *See* Besterci Dec. ¶ 16. Clewell was Besterci's immediate supervisor. *See id.* at ¶ 17.

On June 12, 2014, Grady was arrested on a new felony charge in Lehigh County, Pennsylvania for providing a materially false statement in connection with the purchase or transfer of a firearm. *See* Besterci Dec. ¶ 18; Dec. Ex. B; *Commonwealth v. Grady*, No. CP-39-CR-0002941-2014 (Lehigh Cty. C.P. Ct. 2014).[5] Grady posted bail that day. *See id.* Also on June 12, 2014, the PBPP lodged a "Warrant to Commit and Detain" Grady. *See* Besterci Dec. ¶¶ 19-20; Dec. Ex. C.

On July 2, 2014, the Missouri trial court issued a probation/parole violation for Grady pursuant to the Interstate Compact, 18 R.S. Mo. §§ 589.500 - 589.569. *See* Resp. 1 and second attachment, ECF No. 56; *State v. Paul Nathan Grady*, No. 1222-CR01840-01 (Mo. filed Sept.

---

4 The exhibits attached to the declarations of Clewell and Besterci are identical. Accordingly, they will be cited as "Dec. Ex. __." *See* ECF Nos. 54-3 and 54-4.

5 Declaration Exhibit B contains the Lehigh County court's miscellaneous docket; however, the complete criminal docket is available online. The Court takes judicial notice of the complete docket. *See Orabi v. AG of the United States*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (holding that a court "may take judicial notice of the contents of another Court's docket"); *Mid-South Grizzlies v. Nat'l Football League*, 550 F. Supp. 558, 570 n.31 (E.D. Pa. 1982) ("Judicial notice may be used in resolving a motion for summary judgment." (citing 10 C. Wright & A. Miller, Federal Practice and Procedure § 2723 (1973))). *See also* Fed. R. Ev. 201(b) (allowing the court to take judicial notice of facts that can be "accurately and readily determined from sources who accuracy cannot reasonably be questioned").

26, 2012), https://www.courts.mo.gov/casenet/cases/searchDockets.do.[6] The violation warrant was served on February 20, 2015, and a violation hearing was conducted in the Missouri trial court on February 27, 2015. *See Grady,* No. 1222-CR01840-01 (Mo. filed Sept. 26, 2012).

Grady initiated the above-captioned action on June 3, 2016. *See* ECF No. 1. The original complaint was dismissed without prejudice for failure to state a claim as to Besterci and Clewell, and Grady was granted leave to file an amended complaint. *See* ECF No. 26. After filing an amended complaint, Besterci and Clewell again moved to dismiss. *See* ECF Nos. 29, 32. Without seeking leave of Court, Grady filed a second amended complaint, which was thereafter accepted as filed and the motion to dismiss was denied. *See* ECF Nos. 34, 37. The second amended complaint is therefore the operative complaint. *See* Am. Compl., ECF No. 34. Nevertheless, considering Grady's *pro se* status, the Court liberally[7] construes the second amended complaint, as well as the complaints against the other, now-dismissed, defendants to give more context to his allegations. *See* ECF Nos. 1, 29, 35.

Grady alleges that he was unlawfully detained in the Lehigh County Jail at the direction of Besterci and Clewell. *See* Am. Compl. 1-2. He alleges that he posted bail on his new criminal charge and was advised that there were no warrants against him, but was not released. *See id.* When Grady questioned jail staff as to why he had not been released, he was allegedly informed by an unnamed staff member that Besterci had contacted the jail and asked them to hold Grady while PBPP obtained a warrant. *See id.* Grady alleges that the warrant was not obtained until July 2, 2014, and challenges his detention from the date he posted bail on the new

---

6 *See Orabi*, 738 F.3d at 537 n.1 (allowing a court to "take judicial notice of the contents of another Court's docket").

7 *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (directing courts to liberally construe *pro se* pleadings).

charge up to July 2, 2014. *See id.* Although seven other named defendants were named in the original Complaint, they have since been dismissed and only Besterci and Clewell remain.

Besterci and Clewell have filed a Motion for Summary Judgment, arguing that judgment should be entered in their favor because the claims against Besterci are based on inadmissible hearsay and the claims against Clewell are based on *respondeat superior*. *See* Defs.' SJ Brief, ECF No. 54-5 (arguing, too, that Defendants are entitled to qualified immunity). Along with their Motion for Summary Judgment, Defendants filed a supporting brief and a Statement of Material Facts, which cites to the declarations of Clewell and Besterci and the exhibits attached thereto. *See* Defs.' Stmt Facts, ECF No. 54-2.

After being directed to file a response to the Motion for Summary Judgment, *see* Order, ECF No. 55, Grady filed a three-page statement on August 20, 2018. *See* Resp., ECF No. 56. *See also* Supp. Resp., ECF No. 57 (containing a letter from PBPP dated Sept. 18, 2018). The response does not specifically address Defendants' Statement of Material Facts or any of their arguments in support of summary judgment, nor does it cite to any case law. *See* Resp. 1-3. The response fails to even mention either Defendant by name. *See id.* Rather, the response contains rambling and nonsensical comments. *See id.* at 2 ("What's the job of the court it's been my understanding that the court punish and releases not the other way around so wrong about asking a question to the best of your ability and your only crime is not having glasses and with no intent to hide anything all that they(the commonwealth) can do is say no right?" [sic]).[8]

[8] Grady's response to the Motion for Summary Judgment also contains allegations, raised for the first time, that Defendants' actions were taken based on Grady's race and that Defendants violated his rights because it took nine months for any action to occur on his probation violation. *See* Resp. 1-3. Liberally construed, these allegations might raise an equal protection or retaliation claim based on race, and a due process claim. However, because the claims were improperly raised for the first time in response to the Motion for Summary Judgment, they are not addressed herein.

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). A disputed fact is "material" if proof of its existence or nonexistence might affect the outcome of the case under applicable substantive law. *Id.* at 248. An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 257.

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that the

---

Neither claim was previously asserted in any of Grady's pleadings, even with liberal construction thereof. Allowing Grady to now file a third amended complaint, which he has not requested, to assert claims that would likely otherwise be barred by the statute of limitations in an action that has been pending for more than two and a half years ago, after discovery is complete, and after Defendants have sought summary judgment would be prejudicial to them and not in the interests of justice. Moreover, it does not appear that such claims would be viable against either Besterci or Clewell, or that venue would be proper in this District. Accordingly, neither claim is considered. *See Bell v. City of Phila.*, 275 F. App'x 157, 160 (3d Cir. 2008) (holding that a "plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment" (internal quotations omitted)); *Linson v. Trs. of the Univ. of Pa.*, No. 95-3681, 1996 U.S. Dist. LEXIS 12243, at *2 n.1 (E.D. Pa. Aug. 21, 1996) (refusing to consider the *pro se* plaintiff's civil rights claim asserted for the first time in response to the defendant's motion for summary judgment).

non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The court must consider the evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**IV. ANALYSIS**

Grady alleges that he was unlawfully detained after posting bail on the new criminal charge because Besterci and Clewell had the jail hold him while PBPP obtained an arrest warrant for a probation violation. *See generally* Am. Compl. Initially, Grady alleges that Besterci and Clewell went "into the Lehigh County Jail," but then he alleges that an unnamed jail staff member advised him that "Besterci had contacted the jail and asked them to hold" Grady. *See id.* Grady was admittedly not a witness to any such alleged actions by Besterci or Clewell, nor has he offered any admissible evidence to support either of his conflicting allegations.

"Hearsay statements that would be inadmissible at trial may not be considered for purposes of summary judgment." *Smith v. City of Allentown*, 589 F.3d 684, 693 (3d Cir. 2009). As was the situation in *Smith*, Grady's allegation is double hearsay because it describes a statement Besterci made to an unknown jail staff member. For this statement to be considered on summary judgment, Grady must demonstrate that both layers of hearsay would be admissible at trial. *See Smith*, 589 F.3d at 693 (citing Fed. R. Ev. 805). Although Besterci's alleged statement to the unnamed jail staff member would be admissible as a party-opponent admission under Rule 801(d)(2)(A) of the Federal Rules of Evidence, Grady cannot testify to what an

unnamed jail staff member told him. *See id.* at 693-94. Grady offers the statement of the jail staff member for the truth of the matter asserted, and it is therefore hearsay. *See* Fed. R. Ev. 801. Accordingly, Grady's statement cannot be considered for purposes of summary judgment. *See Smith*, 589 F.3d at 694.

Without the statement, the declarations of Besterci and Clewell that they did not contact anyone at the Lehigh County Jail and ask them to hold Grady, nor are they aware of anyone that did so on behalf of the PBPP, *see* Besterci Dec. ¶¶ 25-26;[9] Clewell Dec. ¶ 24,[10] are undisputed, *see* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion"). The undisputed evidence therefore establishes that Besterci and Clewell did not have any involvement with the alleged violations.[11] *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs, . . . [which] can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity."); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 U.S. Dist. LEXIS 19807, at *37 (E.D. Pa. Mar. 11, 2009) (granting summary judgment in the defendant's favor on the plaintiff's false imprisonment claim

---

9 Besterci further states that he has never asked a jail to hold a person who has posted bail until the probation detainer/warrant is delivered. *See* Besterci Dec. ¶¶ 25-26.

10 Clewell also states that she has never asked a jail to hold a person who has posted bail until the probation detainer/warrant is delivered. *See* Clewell Dec. ¶ 23.

11 This determination is even stronger with respect to Clewell, whom Grady attempts to hold liable based on the fact that she was Besterci's supervisor. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that liability in a civil rights action "cannot be predicated solely on the operation of respondeat superior"); *Fitzgerald v. Martin*, No. 16-3377, 2017 U.S. Dist. LEXIS 122228, at *37 (E.D. Pa. Aug. 3, 2017) (dismissing the false arrest and false imprisonment claims for failing to adequately plead the elements of supervisory liability).

because the plaintiff presented no evidence that the defendant acted intentionally to delay her release from prison).

Moreover, although Grady, citing to the "Service Information" section of his case on the public docket for the Missouri courts, alleges that the warrant was not issued until July 2, 2014, he mistakenly confuses the date the detainer warrant[12] was issued by the PBPP with the date the probation/parole violation warrant[13] was issued by the Missouri trial court. *See* Resp. 1 and second attachment, ECF No. 56; *State v. Paul Nathan Grady*, No. 1222-CR01840-01 (Mo. filed Sept. 26, 2012), https://www.courts.mo.gov/casenet/cases/searchDockets.do. Also, Grady's statement that the Judge who set bail on his new Pennsylvania charge advised that there were no holds on him is inadmissible hearsay. *See* Fed. R. Ev. 801; *Smith*, 589 F.3d at 693. Grady offers no other facts to dispute Defendants' evidence that the detainer was lodged on June 12, 2014.[14] *See Alford v. Owen*, No. 03-795 (FLW), 2005 U.S. Dist. LEXIS 18369, at *11 (D.N.J. Aug. 23, 2005) ("[E]ven though pro se pleadings are entitled to liberal construction, the Plaintiff must still set forth facts sufficient to survive summary judgment."). Thus, the undisputed evidence shows that Grady was not held in violation of bail. *See Dodd v. Derose*, No. 1:15-CV-01088, 2015 U.S. Dist. LEXIS 155801, at *8 (M.D. Pa. Sep. 28, 2015) (dismissing the plaintiff's claims that the detainer deprived him of the right to post bail on outstanding criminal charges because "[t]he

---

12 Grady does not allege that the detainer warrant was unlawful or that there was no probable cause for it to issue, nor could he, in light of his arrest and subsequent conviction in Lehigh County.

13 Under the Interstate Compact for Adult Offender Supervision adopted by Missouri, "there is no 'right' of any offender to live in another state and . . . a sending state may at all times enter a receiving state and there apprehend and retake any offender under supervision . . . ." 18 R.S. Mo. § 589.503. Grady acknowledged the same in his application to have his probation supervision transferred to Pennsylvania. *See* Dec. Ex. A. The Missouri docket makes clear that the trial court exercised this right, issued a violation warrant on July 2, 2014, and subsequently had Grady return to Missouri for a probation violation hearing. *See Grady*, No. 1222-CR01840-01 (Mo. filed Sept. 26, 2012).

14 *See* Dec. Ex. A; Besterci Dec. ¶¶ 18-20; Clewell Dec. ¶¶ 16-18.

issuance of a rightful detainer . . . is an independent state ground upon which his confinement is predicated"), *adopted by* 2015 U.S. Dist. LEXIS 154974, at *1 (M.D. Pa. Nov. 17, 2015); *United States ex rel. Burgess v. Lindsey*, 395 F. Supp. 404, 412 (E.D. Pa. 1975) (entering summary judgment in favor of the PBPP defendants on the plaintiff's claims that by detaining him after his arrest on new charges, the PBPP denied his constitutional right to bail); *Burgess v. Roth*, 387 F. Supp. 1155, 1157-58 (E.D. Pa. 1975) (entering summary judgment in favor of the PBPP defendants on the plaintiff's claims that lodging a parole detainer on him following his arrest on new criminal charges prevented him from securing release on the new charges in violation of his constitutional rights).

Although Grady makes attempts to put forth allegedly disputed facts to prevent the entry of summary judgment, the record clearly establishes that his claims have no merit. *See Scott*, 550 U.S. at 380 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Summary judgment is entered in favor of Besterci and Clewell.

## V. CONCLUSION

The undisputed evidence establishes that Grady was on probation for a sentence issued in Missouri and was being supervised by the PBPP when he was arrested on a new criminal charge in Lehigh County, Pennsylvania. The PBPP issued a detainer the same day, which prohibited the Lehigh County Jail from releasing Grady on bail on the new charge. The detainer was supported by probable cause, as evidenced by the fact that Grady subsequently was convicted on the new charge. Although there was a brief lapse in time before the Missouri trial court took back supervision of Grady, this did not impact the validity of the PBPP detainer. Grady has failed to

offer any admissible evidence to dispute these facts. The Motion for Summary Judgment is therefore granted in favor of Besterci and Clewell, and the case is closed.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_________
JOSEPH F. LEESON, JR.
United States District Judge